### NITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DEVIN KUGLER, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | No.: 20-cv-4061-MMM |
| | ) | |
| GREGG SCOTT, et.al., | ) | |
| | ) | |
| **Defendants.** | ) | |

### MERIT REVIEW – AMENDED COMPLAINT

Plaintiff, proceeding *pro se* and detained at the Rushville Treatment and Detention Center ("Rushville"), files a complaint and seeks leave to proceed *in forma pauperis*. The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed *in forma pauperis* only if the complaint states a federal claim.

In reviewing the amended complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ANALYSIS

Plaintiff is civilly detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq*. In the case before this court, however, Plaintiff has filed an 85-page redundantly pled complaint, asserting claims of retaliation, deliberate indifference, due process violations, excessive force, inhumane conditions of confinement, and violations of the ADA against 35 Defendants. Plaintiff pleads that on March 10, 2020, "Defendants" tried to place Plaintiff in a cell with another resident, apparently under the authority of the Rooming Committee. Plaintiff objected to this, telling Defendant Sullivan, he wanted to speak to a Security Therapy Aid "(STA"). Defendant refused to call an STA, something which Plaintiff identifies as a violation of due process.

Plaintiff thereafter complained to Defendant Berry, who advised that she could not overrule the Rooming Committee decision. Plaintiff asserts, without sufficient explanation that, during this encounter, Defendant Sullivan entered the room "in an aggressive manner," causing Plaintiff to fear for his life. He claims, in fact, that all Defendants have caused him to fear for his life. Plaintiff was found guilty of the disciplinary infraction by Behavioral Committee members, Defendants Parsons, Caraway and Reid. As result, Plaintiff was demoted from "intermediate" status to the less favorable "general" status. Plaintiff claims it will take him six months to regain the privileges which the enjoyed in intermediate status.

Plaintiff claims that Defendants' actions were in retaliation for his previously filed lawsuits identified as No. 19-4146 and 20-4014. Plaintiff does not indicate the particular reason for his belief that Defendants acted in retaliation, other than that Defendants had been served with process in the other proceedings in February and the Rooming Committee took its action in

March. Plaintiff requests injunctive relief, money damages and that Defendants be criminally charged.

## ANALYSIS

Plaintiff believes that the attempt to place him with a roommate violated his rights to due process. Civil detainees, do not, however, have such rights as to their housing assignments. *See Riccardo v. Rausch*, 375 F.3d 521, 525–26 (7th Cir. 2004). "Illinois is free, if it wishes, to give prisoners veto power over the identity of their cellmates. But the eighth amendment does not do so of its own force, and prisoners cannot use the Constitution to achieve this control indirectly by making unsubstantiated assertions." *See also*, *Smego v. Weitl*, 13-3068, 2016 WL 10934368, at *7 (C.D. Ill. Dec. 6, 2016), *aff'd sub nom. Smego v. Jumper*, 707 Fed. Appx. 411 (7th Cir. 2017) (civil detainee does not have a right to "a roommate of his own choosing.") As a result, any claim asserted based on the housing assignment is DISMISSED.

Plaintiff also alleges lack of due process as his primary therapist was not a member of the Behavioral Committee as required under 59 Ill.Admin.Code § 299.120-600. It is well recognized, however that violating a departmental policy, without more, fails to amount to a constitutional violation. *See Estate of Simpson v. Gorbett*, 863 F.3d 740, 746 (7th Cir. 2017).

Plaintiff also alleges lack of due process due to his conviction for the disciplinary violation. Civil detainees subject to disciplinary proceedings are to receive written notice of the charges at least twenty-four hours before the hearing; the opportunity to call witnesses and present documentary evidence, when consistent with institutional safety and correctional goals; a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action; and a decision supported by "some evidence" in the record. *See Ehrlich v. Mantzke,* No. 01-7449, 2002 WL 265177 (N.D. Ill. Feb.25, 2002). Plaintiff does not claim lack of this process.

Rather, he seems to allege that he should not have been convicted of the offense, even though he admittedly refused to comply with the housing orders. This claim is DISMISSED.

Plaintiff also pleads that "Defendants" retaliated against him for his prior suits, a protected First Amendment activity. *Dobbey v. IDOC,* 574 F.3d 443, 446 (7th Cir. 2009). To successfully plead such a claim Plaintiff must allege that (1) he engaged in activity protected by the First Amendment, (2) he suffered a deprivation that would likely deter First Amendment activity in the future, and (3) the First Amendment activity was "at least a motivating factor" in the Defendants' decision to take the retaliatory action. *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006). Here, Plaintiff fails to successfully plead that his First Amendment activity was a motivating factor in Defendants' actions. This is so, as suspicious timing is not enough to state a colorable claim. "The mere fact that one event preceded another does nothing to prove that the first event caused the second." *Sauzek v. Exxon Coal USA, Inc.*, 202 F.3d 913, 918 (7th Cir. 2000). Instead, "other circumstances must also be present which reasonably suggest that the two events are related." *Id*.

Here, Plaintiff asserts bare claims that any action taken by the 35 Defendants which was not to his liking was motivated by retaliation. *See Santiago v. Anderson*, 496 Fed. Appx. 630, 633–34 (7th Cir. 2012). "[Plaintiff's] premise—that every ill befalling him must be retaliatory because everyone knows him to be litigious and a frequent correspondent with the grievance officer—falls short of stating a claim even under notice pleading." This claim is DISMISSED.

Plaintiff thereafter makes a series of unrelated claims, including that Defendants Scott, McCurry, Jumper, Calloway and Houlihan withheld food because he would not wear a yellow jumpsuit. He alleges that 16 other Defendants denied him food and medication. He indicates that Defendant Driscoll ridiculed him for not seeing his family; that Defendant White called him a

moron, etc. None of these, including Defendant Sullivan entering a room in an aggressive manner, states a constitutional claim. Even if it were otherwise, the claims are unrelated to one another and represent an impermissible misjoinder. *Ghashiyah v. Frank*, 05-C-0766, 2008 WL 680203, at *2 (E.D. Wis. Mar. 10, 2008) ("defendants are properly joined in a single action only if they are parties to a single transaction or occurrence common to all defendants, and the claims against them involve a common question of fact or law.")

**IT IS THEREFORE ORDERED:**

1. Plaintiff's amended complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have a final opportunity, within 30 days, to file a second amended complaint. The pleading is to be titled "second amended complaint" and is to stand complete, on its own without reference to a prior pleading. Plaintiff is cautioned that he is not to plead a variety of unrelated claims against a variety of unrelated individuals. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

2. Plaintiff's motion for leave to proceed in forma pauperis [3] is DENIED with leave to reassert if he files a second amended complaint.

 10/30/2020  
ENTERED

s/Michael M. Mihm  
MICHAEL M. MIHM  
UNITED STATES DISTRICT JUDGE