UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DEVIN KUGLER, | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) No.: 20-cv-4061-MMM |
| | ) |
| GREGG SCOTT, et.al., | ) |
| | ) |
| **Defendants.** | ) |

### MERIT REVIEW – SECOND AMENDED COMPLAINT

Plaintiff, proceeding *pro se* and detained at the Rushville Treatment and Detention Center ("Rushville"), files a second amended complaint and seeks leave to proceed *in forma pauperis*. The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed *in forma pauperis* only if the complaint states a federal claim.

In reviewing the amended complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

1

## ANALYSIS

Plaintiff is civilly detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq*. Plaintiff names 49 Rushville Defendants asserting retaliation and poorly pled claims of deliberate indifference, due process violations, inhumane conditions of confinement, violation of his freedom of expression and, perhaps, an equal protection violation. Plaintiff's complaint is a confusing hodgepodge of claims against dozens of Defendants, claiming that they either retaliated against him, directed their agents to retaliate against him or conspired with others to retaliate against him. Plaintiff alleges deliberate indifference to a serious medical need without identifying any medical need. He claims due process violations in disciplinary proceedings, without providing any information as to the proceedings, or in what ways he was denied process.

Plaintiff's initial complaint concerned his claims that various Defendants violated his constitutional rights by assigning him a roommate. This was dismissed at merit review as a civil detainee does not have a right to "a roommate of his own choosing.") *Smego v. Weitl*, 13-3068, 2016 WL 10934368, at *7 (C.D. Ill. Dec. 6, 2016), *aff'd sub nom. Smego v. Jumper*, 707 Fed. Appx. 411 (7th Cir. 2017). Plaintiff seeks to remedy this by claiming that Defendants attempted to place him with a roommate and took other adverse action against him in retaliation, after Defendants Jumper, Caraway, Scott, McCurry and Kunkel were served with Plaintiff's civil complaint alleging a First Amendment claim "of legal pornography."

Plaintiff also pleads that on April 9th of an unidentified year, Defendants Jumper, Carraway and Kulhan found Plaintiff guilty of a disciplinary infraction, also in retaliation for his First Amendment lawsuit. Plaintiff also asserts, without detail, that these Defendants also deprived him of medical attention, not indicating why he needed medical attention. Plaintiff

requests declaratory relief, money damages and that Defendants be criminally charged. He also requests injunctive relief, "a court order for a single cell…"

## ANALYSIS

Here, Plaintiff asserts bare and conclusory claims that any action not to his liking, taken by any of the 49 Defendants, was motivated by retaliation. *See Santiago v. Anderson*, 496 Fed. Appx. 630, 633–34 (7th Cir. 2012). "[Plaintiff's]premise—that every ill befalling him must be retaliatory because everyone knows him to be litigious and a frequent correspondent with the grievance officer—falls short of stating a claim even under notice pleading." Plaintiff's allegations of retaliation are generally unsubstantiated, failing to offer facts to support that any of the dozens of Defendants acted with retaliatory animus. In addition, Plaintiff's allegations are so numerous and intertwined, often referring back to other Defendants in other paragraphs, that one cannot easily discern against whom any particular claim is made.

The complaint, as a whole, is too convoluted to effectively review and violates Fed. R. Civ. P. 8(a) which requires that a complaint provide a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight,* 445 F.3d 965, 968 (7th Cir. 2006). While it is not necessary for a plaintiff to plead specific facts, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2007) (citing *Twombly,* 550 U.S. at 555) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). The complaint is hereby DISMISSED with leave to replead.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's motion [ECF 11] to proceed in forma pauperis ("IFP") is DENIED with

leave to reassert if he files an amended complaint.

    2.    Plaintiff's second amended complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will be given one more opportunity, within 30 days, to amend. The pleading is to be titled "third amended complaint" and is to stand complete, on its own without reference to a prior pleading. Plaintiff is cautioned that he is to plead facts to support each of his claims and not to make sweeping generalities as to "all Defendants." In addition, he is plead clearly and not assert unrelated claims against unrelated individuals. Failure to file an amended complaint will result in the dismissal of this case without prejudice, for failure to state a claim.

  3/29/2021  
ENTERED

                                       s/Michael M. Mihm  
                                       MICHAEL M. MIHM  
                                   UNITED STATES DISTRICT JUDGE